IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21179-KMM

VERONICA YANES AND DANIEL
YANES ALVAREZ,

      Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____ /

### PLAINTIFFS' MOTION TO REMAND DUE TO LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Veronica Yanes and Daniel Yanes Alvarez (Collectively known hereafter as the "Insureds" or "Plaintiffs"), pursuant to 28 U.S.C. § 1447(c), move this Court for an Order remanding this case back to the 11th Judicial Circuit, in and for Miami-Dade County, Florida, and in support thereof states as follows:

### Preliminary Statement

This case is premised on a breach of a homeowner's insurance policy issued by the insurance company, National specialty Insurance Company ("the Insurance Company"). Plaintiffs' cause of action accrued against the Insurance Company on January 15, 2019, because it failed to adequately indemnify Plaintiffs for a plumbing loss. Thereafter, on August 12, 2019, Plaintiffs sued the Insurance Company for breach of contract.  On or about March 17, 2020, the Insurance Company removed the instant action from the 11th Judicial Circuit in and for Miami-Dade County pursuant to 28 U.S.C. § 1332(a)(1).

[3879652/1]

## Summary of Argument

The Insurance Company's removal was untimely because the Insurance Company had knowledge that the amount in controversy exceeded $75,000.00 at the time that it received a written settlement demand from Plaintiffs on October 16, 2019. Additionally, the Insurance Company had knowledge that the Plaintiffs resided in Miami Dade County, Florida as outlined in Plaintiffs Complaint filed on August 12, 2019. Furthermore, the notice of removal was not filed within thirty days after the receipt by the defendant of the *initial pleading*. Defendant's failure to comply with the time requirements of the removal statute are defects causing improvident removal and eliminating subject matter jurisdiction in this case.

## Standard of Review

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*,107 S.Ct. 2425, 2429 (1987); see also *Darden v. Ford Consumer Finance Co., Inc.*, 200 F.3d 753, 755 (11th Cir.2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal, as a matter of fact and law. See *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir.2002); *Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

In a case in which the plaintiff has not pled a specific amount of damages, the defendant's

burden is to prove that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. See *Leonard*, 279 F.3d at 972; *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001); see also *Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319.  If it is not apparent from the face of the complaint, however, that the jurisdictional amount has been met, the court looks to the notice of removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Id.*; see also *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir.2000).  Additionally, "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).  Indeed, the Eleventh Circuit has explained that because the plaintiff is the master of his or her own claim, any uncertainties in disputes over jurisdiction should be resolved in his or her favor. *Id.*

### Memorandum of Law

"Questions of subject matter jurisdiction may be raised… at any time during the pendency of the proceedings." *United States v. Ayarza-Garcia,* 819 F.2d 1043, 1048 (11th Cir.)., *cert. denied*, 484 U.S. 969, 108 S. Ct. 465, 98 L.Ed.2d 404 (1987).  The federal removal statute provides that "[t]he notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446 (b). "As time limitations in removal statutes are mandatory and strictly construed in accordance

with Rule 6 of the Federal Rules of Civil Procedure, the failure to comply with time requirement of Section 1446(b) is a defect causing 'improvident' removal." *Noble v. Bradford Marine, Inc*., 789 F. Supp. 395, 397 (S.D. Fla. 1992).  Further, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994). Additionally, the federal removal statute provides that "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "*other paper*" under subsection (b)(3)." 28 U.S.C. §1446 (c)(3)(A).

The Insurance Company had knowledge that this claim exceeded the $75,000.00 requirement under 28 U.S.C § 1332, however, the Insurance Company did not timely remove this action. The court in *Martin v Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001) held that written notice, rather than formal service, of settlement demand started the 30-day removal "clock"; determining that receipt of facsimile copy of plaintiff's settlement demand of $175,000.00 met the written notice requirement; the court held that defendant's filing of notice of removal was untimely, as it was not filed within 30 days of receipt of that written notice. Additionally, in *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213 (11th Cir. 2007), the court held that a defendant must remove a case within thirty days of receiving a document that provides the basis for removal. Where the Complaint is silent on the amount of damages a plaintiff seeks, defendants may rely on "other papers" such as discovery response, settlement offers, demand letters, and emails estimating damages. *Id*. at 1213, n.62.

Here, the Insurance Company maintains that they first received written notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, and that the parties were citizens of different states on February 21, 2020 through Plaintiffs' discovery responses. First, the Insurance Company had knowledge that the parties resided in Miami Dade County, Florida. Plaintiffs' Complaint was filed on August 12, 2019. Plaintiffs' Complaint outlines in paragraph 2 that the Insureds were individuals who at all times material hereto have resided in Miami-Dade County, Florida. *Please find a copy of Plaintiffs' Complaint attached as Exhibit "A."* Thus, the Insurance Company had knowledge that the action was between citizens of different states from the inception. Second, the Insurance Company had knowledge that the amount in controversy exceeded $75,000.00, exclusive of interests and costs. Undersigned counsel emailed Defense counsel a settlement demand which included Plaintiffs estimate of damages on October 16, 2019. *Please find correspondence from undersigned counsel to defense counsel dated October 16, 2019 attached hereto as Exhibit "B."* Therefore, when defense counsel received Plaintiffs' settlement demand, the running of the thirty-day statutory period stated in 28 U.S.C. § 1446(b) began the next day. Thirty days from October 16, 2019 was November 15, 2019. As the Insurance Company filed its Notice of Removal on March 17, 2020, the thirty-day statutory period had expired. Thus, the Insurance Company's Notice of Removal is untimely and procedurally defective.

A court should resolve close questions of jurisdiction in favor of remand to state court. *Univ. of South Alabama v. American Tobacco Co.*, 168 F. 3d 405, 411 (11th Cir. 1999). The failure of the Defendant to remove during the original thirty-day time period is deemed a waiver of the right of removal. *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992) (*citing*

*Miles v. Starks*, 440 F. Supp. 947,948 (N.D. Tex. 1977). The Insurance Company's Notice of Removal was certainly not filed within thirty days of receipt of *other papers* from which it could first be ascertained that the case was removable. Accordingly, the Insurance Company's removal is untimely under the removal statute and this Court does not have subject matter jurisdiction over this matter.

Plaintiffs' counsel conferred with defense counsel pursuant to Local Rule 7.1(a)(3). However, the parties were unable to come to an agreement.

### Conclusion

For the reasons outlined above, Plaintiffs respectfully request that this case be remanded back to the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

**Attorney for Plaintiffs**

**MARIN, ELJAIEK, LOPEZ, & MARTINEZ**
2601 South Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
Telephone (305) 444-5969
Facsimile (305) 444-1939

By:     /s/ Kaneily A. Valdes_____
Kaneily A. Valdes
Florida Bar No. 1003825

### SERVICE LIST

**Attorneys for Defendant**

William M. Mims
(Fla. Bar No. 0099567)
Rolfes Henry Co., LPA
3191 Maguire Boulevard, Suite 1607
Orlando, Florida 32803
Email: wmims@rolfeshenry.com
wgonzalez@rolfeshenry.com

Brian P. Henry (Fla. Bar No.
0089069)
Rolfes Henry Co., LPA
5577 Broadcast Court
Sarasota, Florida 34240
Email: bhenry@rolfeshenry.com
srainwater@rolfeshenry.com

Filing # 93992126 E-Filed 08/12/2019 10:36:05 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

VERONICA YANES and DAINIEL YANES
ALVAREZ,                                           CASE NO.:

          Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

          Defendant.

_____/

## **COMPLAINT**

Plaintiffs, VERONICA YANES and DAINIEL YANES ALVAREZ (collectively referred to hereafter as the "Insured"), hereby sue Defendant, NATIONAL SPECIALTY INSURANCE COMPANY (the "Insurance Company"), and allege as follows:

### **PARTIES, JURISDICTION AND VENUE**

1.    This is an action for damages that exceeds Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2.    The Insured are individuals who at all times material hereto have resided in Miami-Dade County, Florida.

3.    The Insurance Company is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Miami-Dade County, Florida.

4.    Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

[3136728/1]



EXHIBIT

**A**

5.      All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## GENERAL ALLEGATIONS

6.      At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of VUW-HO-572734 (the "Policy").

7.      The Insured after diligent search and expending all efforts to locate a copy of the Policy have not been able to do so.  However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company.

8.      The damaged property is located at 1265 NW 118th St, Miami, FL 33167 (the "Property").

9.      Pursuant to the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's Property for all risks unless specifically excluded by the terms of the Policy.

10.     On or about January 15, 2019, while the Policy was in full force and effect, the Property sustained a covered loss as a result of sudden and accidental failure of plumbing system (the "Loss").

11.     The Insurance Company assigned claim number 20190298237-0001 to the Loss.

12.     The Insurance Company acknowledged that the Property sustained a covered Loss and offered payment.

[3136728/1]

13.     However, after diligent inspection of the Loss, it was obvious that the Property sustained covered damages greater than the damages acknowledged by the Insurance Company.

14.     As of the date of the filing of this lawsuit, the Insurance Company has failed to acknowledge that additional payment would be forthcoming and it has failed to adequately provide coverage under the terms of the Policy. As a result of the foregoing, the Insurance Company has breached the Policy.

15.     The Insured have suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy.

16.     The Insured have been obligated to retain the undersigned attorneys for the prosecution of this action and are entitled to a reasonable attorney's fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

17.     The Insured reincorporate paragraphs 1 through 16 as if fully set forth herein.

18.     It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

19.     The Insured have paid all premiums due and owing as contemplated by the Policy; thus, fully performing their obligations under the Policy.

20.     The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

21.     The Insurance Company has failed to: (i) provide coverage for the Loss under the terms of the Policy; and/or (ii) acknowledge that additional payment would be forthcoming; and/or

[3136728/1]

(iii) make adequate payment of insurance proceeds to the Insured.  As a result of the foregoing, the Insurance Company has breached the Policy.

22.     As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured have sustained damages.

WHEREFORE, the Insured respectfully request that this Court enters judgment against the Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Section 627.428, Florida Statutes.

## JURY TRIAL DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated this 12th day of August 2019.

Respectfully Submitted By,

**Marin, Eljaiek, Lopez & Martinez P.L.**
Counsel for the Insured
2601 South Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
Telephone No. (305) 444-5969
Facsimile No. (305) 444-1939
Email: Mellaw1@mellawyers.com
Secondary Email: Eservice@mellawyers.com

By:___*Kaneily A. Valdes*___
Anthony M. Lopez, Esq.
Florida Bar No. 13685
Kaneily A. Valdes, Esq.
Florida Bar No. 1003825

[3136728/1]

**Teresa Provenzano**

| | |
|---|---|
| **From:** | Kaneily A. Valdes |
| **Sent:** | Wednesday, October 16, 2019 12:07 PM |
| **To:** | wmims@rolfeshenry.com; aduyck@rolfeshenry.com |
| **Subject:** | 2177-002 Veronica & Daniel Yanes vs. Velocity (Water) Claim # WLT0000498237 Case#: |
| **Attachments:** | Estimate(4).pdf |

Good morning,

Initial demand is made at $156,500.00 new money, global, exclusive of aob. Please confer with your client and advise. Thank you.

*Kind Regards,*

*Kaneily A. Valdes, Esq.*

**Marin, Eljaiek, Lopez, & Martinez P.L.**
2601 South Bayshore Drive 18ᵗʰ Floor
Coconut Grove, FL 33133
**Phone:** 305-424-2745
**Fax:** 786-452-1503
**Website:** www.MELlawyers.com
**E-mail:** KValdes@mellawyers.com



MARIN | ELJAIEK | LOPEZ | MARTINEZ
A T T O R N E Y S   A T   L A W

**NOTICE:** The information in this e-mail is confidential and may contain information that is attorney-client privileged or exempt from disclosure.  It is intended only for the use of the individual(s) or entity(ies) to whom it is addressed.  If you are not an intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete the entire message (and any attachments) from their computer.  Any opinions or advice contained in this email shall be subject to the terms and conditions set forth in the governing Marin, Eljaiek, Lopez & Martinez P.L. client engagement agreement.  Thank you.

IRS Circular 230 Disclosure: Please note that the views expressed herein or in any attachments hereto are not intended to constitute a "reliance opinion" under applicable Treasury Regulations, and accordingly are not intended or written to be used, and may not be used or relied upon, for the purpose of (i) avoiding tax-related penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.



EXHIBIT
B